UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MICHAEL KENNETH RICH,

    Petitioner,

v.

DAVID PAUL, WARDEN,

    Respondent.

Civil Action No. 5: 25-317-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In 2011, federal prosecutors charged more than forty members of the Devils Diciples Motorcycle Club with various offenses including racketeering, conspiracy to traffick in methamphetamine and conduct a gambling business, assault in aid of racketeering, perjury and subornation of perjury, and witness tampering. *See United States v. Rich*, No. 2: 11-CR-20129-SFC-EAS-14 (E.D. Mich. 2011); *United States v. Rich*, No. 11-CR-20066-SFC-EAS-8 (E.D. Mich. Mar. 27, 2024). Michael Kenneth Rich, a member of the gang, was convicted of all charges against him in December 2015, and was sentenced to 360 months imprisonment in October 2018. *See id*. Rich and the other defendants collectively asserted more than 70 issues on direct appeal, but none of them were convincing to the Sixth Circuit. *United States v. Rich*, 14 F.4th 489 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2813 (2022). Rich later filed a motion under Section 2255 challenging the effectiveness of his counsel, but the trial court denied that motion in 2024. *United States v. Rich*, No. 11-CR-20066-8, 2024 WL 1307817, at \*1 (E.D. Mich. Mar. 27, 2024).

Rich has now filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court reviews the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x

986, 989 (6th Cir. 2021).[1] The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Rich's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

Rich's petition presents a wide variety of contentions. He argues that the statute of limitations on certain charges had expired before he was indicted; the grand jury did not indict him on certain charges; and that the trial court violated the Confrontation Clause, erred by admitting a document into evidence, erred by denying his motion for acquittal, miscalculated the drug quantity attributable to him, and imposed a procedurally unreasonable sentence. Rich also argues that the Sixth Circuit's decision regarding the validity of the jury instructions was wrong. Rich seeks release. *See generally* [R. 1].

The Court will dismiss the petition upon initial review. As a threshold matter, Rich asserts his claims in only the most conclusory fashion, failing to support them with any factual specificity. His petition fails therefore fails to adequately articulate a claim for relief: a petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

But a more fundamental barrier precludes consideration of the merits of Rich's claims. Recent Supreme Court precedent indicates that challenges to a conviction or sentence can almost never be

---

[1] Rich did not pay the $5.00 filing fee required by 28 U.S.C. § 1914 or file a motion to waive payment of it pursuant to 28 U.S.C. § 1915. The filing fee is incurred when the petition is filed, so the Court will direct the Bureau of Prisons ("BOP") to deduct it from Rich's inmate account to satisfy that financial obligation.

asserted in § 2241 petition. *See Jones v. Hendrix*, 599 U.S. 465 (2023). There are narrow exceptions, but none apply here. And even pre-*Jones* it was clear that a § 2241 petition may not be used to either re-litigate claims that were already raised in a § 2255 motion or to raise new claims that could have been but were not raised in such a motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Rich's petition implicates both of these prohibitions, so the Court lacks jurisdiction to entertain his claims.

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Rich is currently confined.

2. Rich's custodian **SHALL** deduct $5.00 from funds in Rich's inmate trust fund account (if and when the amount in the account exceeds $10.00) and send that amount to the Clerk of the Court, referencing this case number.

3. Rich's petition for a writ of habeas corpus [R. 1] is **DISMISSED** for lack of jurisdiction.

4. This matter is **STRICKEN** from the docket.

Entered: September 12, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

3